## JAMS ARBITRATION

|  |  |
|---|---|
| **ANA LAPERA** | ) |
| **Claimant** | ) |
|  | ) **No. 1410006405** |
| **v.** | ) |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION** | ) |
| **Respondent.** | ) |

## CLAIMANT'S OPPOSITION TO RESPONDENT'S MOTION TO BAR

Claimant Ana Lapera, by and through counsel, and files Claimant's Opposition to Motion to Bar, and in support thereof states as follow.

Claimant Ana Lapera, a Hispanic female, filed a Demand for Arbitration alleging discrimination in the improper classification of her position at Fannie Mae from August 2009 through February 2012; discrimination in compensation as a result of the misclassification and failure to adjust her salary; discrimination based on personal appearance due to comments made by a Vice President about overweight employees and their lack of executive presence; and discrimination based on her race and personal appearance when a Caucasian female was selected for a Vice President position.   Ms. Lapera asserted claims under the D.C. Human Rights Act, 42 U.S.C. Section 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

Respondent Fannie Mae has filed a Motion to Bar Most of Claimant's Claims.  With the exception of Claimant's claims under Title VII, Respondent's motion should be denied because it in large part, mischaracterizes Claimant's claims, or misapplies or misstates the law.

1

### Facts

Ms. Lapera is a Hispanic female, who was employed at Fannie Mae for approximately twenty years at senior level positions, and consistently received the highest level performance appraisals. Demand at 6. In her Demand for Arbitration, she alleges that her position was improperly classified in 2009; that she challenged the classification and her challenge was denied and her position was finally reclassified in 2012. Demand at 7-12. She contrasts her treatment with the treatment received by her Caucasian and African American colleagues. Demand at 8. Ms. Lapera asserts that in 2012 a Caucasian female, Anne Gehring, became the Senior Vice President of her division. Ms. Gehring, according to Ms. Lapera, expressed dissatisfaction with the personal appearance of staff members, ridiculed overweight employees and lowered the performance appraisal of a staff member, because of their physical appearance. Demand at 13-18. In 2013, Ms. Lapera interviewed with Gehring for a Vice President position, and was not selected. A slender Caucasian female was selected for the position, and Ms. Lapera was told she was not selected because she lacked "executive presence." Demand at 20-23.

### Argument

#### A. Claimant's DCHRA and Section 1981 Claims Should not be Barred.

Fannie Mae argues that the claims under the DCHRA should be barred insofar as they rest on the 2009 classification decision and Claimant's 2013 mid year performance review. None of Ms. Lapera's DCHRA claims rest on the 2009 classification decision and Claimant's 2013 mid year performance review. Claimant's allegations under the DCHRA are listed in paragraphs 27-32. There is nothing in these paragraphs which state or suggest that Claimant is asserting a claim under the DCHRA for the initial 2009 classification or the 2013 mid year performance review. Under the DCHRA, Ms. Lapera alleges discrimination based on race and personal appearance and

2

cites discrimination in compensation, criticism of staff based on their weight and physical appearance, and denial of a promotion based on race and physical appearance. This claim never mentions the 2009 classification or the 2013 mid year review. Respondent has misstated Ms. Lapera's claims under the DCHRA.

Respondent acknowledges that Section 1981 claims have a four year statute of limitations. Therefore, Ms. Lapera's claim under Section 1981 could extend back to October 2009. The Demand for Arbitration describes in detail Ms. Lapera's efforts to get her position properly classified after 2009, and notes that the position classification was changed until 2012. The Demand for Arbitration makes it clear that she challenged the discriminatory classification from 2009 through February 2012, and the failure to properly classify her position affected her compensation. Comp. at 11 (Ms. Lapera believes she was discriminated against with regards to her pay when her position, Director of lean Six Sigma, was improperly re-classified as an "M" rather than an "N" between August 16, 2009 and February 26, 2012.). Finally, Ms. Lapera alleged that the non selection in 2013 violated Section 1981. Ms. Lapera's claims under Section 1981 should not be barred.

B.    Claimant's Claims under Section 1981 should not be barred.

Fannie Mae seeks to bar Ms. Lapera's claims under Section 1981 for failing to state a claim. This request should be denied for a number of reasons. First, Fannie Mae improperly requests that the arbitrator accept its assertion of the facts and resolve factual disputes. Fannie Mae argues, without any factual basis, that Ms. Lapera is white based on a photograph it claims it located somewhere on the internet and has submitted what it contends is Ms. Lapera's employment application as its Exhibit 1. The employment application is incomplete and omits the first page of the application which would likely contain identifying information about Ms. Lapera, such as her

3

race. Ms. Lapera has stated a claim under Section 1981 because Ms. Lapera is not white, nor does she appear to be Caucasian or of European descent, as Fannie Mae asserts. But even if she was Caucasian, she could still state a claim under Section 1981. See Saint Francis Coll. V. Al-Khazraji, 481 U.S. 604, 613 (1987) (holding that Section 1981 protects against discrimination even among Caucasians.).

Next, Fannie Mae argues that Section 1981 is directed solely at racial discrimination and although the Supreme Court has interpreted race broadly in a Section 1981 claim to include any group that can be identified by racial or ethnic characteristics, Ms. Lapera cannot benefit from the broad definition of race because she has alleged in a conclusory manner that she was discriminated against based on her race and she appears to be Caucasian and of European descent. As noted, Ms. Lapera identifies herself as Hispanic and contrasts her treatment to the treatment received by her Caucasian and African American colleagues. Demand at 6, 8 20-23.

To the extent it is unclear that Ms. Lapera has stated a claim under Section 1981, this is not a sufficient basis to bar the claim. The proper course of action would be to permit Ms. Lapera leave to amend her demand for arbitration.

C.      Fannie Mae may be liable for punitive damages and any dismissal of the punitive damages claim should be without prejudice.

Fannie Mae argues that it has been under the conservatorship of the Federal Home Finance Agency since 2008 and under 12 U.S.C. Sec. 4617(j), the Conservator is not liable for any amounts in the nature of penalties or fines, and therefore because the punitive damages sought by Claimant against Fannie Mae are "penalties and fines," they are barred by 12 U.S. C. Section 4617(j). While it is not clear that punitive damages are not available against Fannie Mae while it is under conservatorship, when confronted with this issue at least one U.S. District Court Judge has

dismissed the claim for punitive damages without prejudice. See Herron v. Fannie Mae, Civ. Action No. 2010cv0943 (RMC) 7/13/12 (Order dismissing without prejudice claims for punitive damages against Fannie Mae). (Attached)  Claimant request that to the extent the motion is granted on this issue, it is granted without prejudice, should Fannie Mae exit conservatorship before this litigation concludes.

Respectfully submitted,

/s/ David A. Branch

David A. Branch
Law Offices of David A. Branch & Associates, PLLC
1828 L Street, NW, Suite 820
Washington, DC 20036
(202) 785-2805

## CERTIFICATE OF SERVICE

I hereby certify this 2nd day of September 2014, the foregoing Claimant's Opposition to

Motion to Bar was served on Counsel for Respondent:

Joe Wilson
Damien G. Stewart

*/s/ David A. Branch*
David A. Branch