## *Dispute Resolution Policy*

*Policy Effective Date:* **March 16, 1998**

In any work environment, job-related disputes occasionally arise. At Fannie Mae, these are usually resolved through the Company's open door policy or the efforts of Compliance & Ethics (C&E) which addresses disputes using a variety of alternative dispute resolution tools, including counseling, facilitated negotiation, mediation, and investigation/decision. With the introduction of this Dispute Resolution Policy ("Policy"), certain job-related claims must go through arbitration by a neutral independent arbitrator before a suit can be brought on them in court.

Arbitration is a process in which a claim is presented to a neutral person (an arbitrator) instead of to a judge or jury in court. The arbitrator makes a decision on the claim after both sides present their evidence and arguments at an arbitration hearing. The hearing is much less formal than a court trial.

**The effective date of the Policy is March 16, 1998.  On that date, the Policy becomes a condition of employment for all Fannie Mae employees. This means that, by starting or continuing work for Fannie Mae on or after that date, each employee is indicating that he or she accepts the Policy as a condition of employment and agrees to be bound by it. Fannie Mae also promises to be bound by the Policy.**

1.      **Arbitration as Prerequisite to Lawsuit.**

If an employee[1] has a claim that is covered under Section 2 of this Policy, he or she must arbitrate the claim under this Policy before bringing suit on it in court.

2.      **Claims Covered by the Policy.**

The Policy applies to all claims that an employee might make against Fannie Mae (and its directors, officers, agents, or employees, in their representative capacities) involving a legally-protected right, that directly or indirectly relate to his or her employment or the termination of that employment, even if the claim is based on facts or circumstances that occurred before the effective date of the Policy. These include claims involving rights protected by any federal, state, or other governmental constitution, statute, ordinance, regulation, or common law. For example, claims asserting rights protected by the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, 42 U.S.C. § 1981, or the Family and Medical Leave Act would be covered by the Policy. The Policy does not apply to any claim that is filed in court or with the EEOC or any other administrative or fair employment rights agency before the effective date of the Policy. The Policy also does not apply to any claim made in connection with workers' compensation benefits, unemployment compensation benefits, or under any of Fannie Mae's employee welfare benefit, ERISA, or pension plans, or to any claim of unfair competition, disclosure of trade secrets, or breach of trust or fiduciary duty. The Company may assert that the employee's claim is barred because it does not involve a legally-protected right, and the arbitrator may be requested to rule

---

[1]     As used in the Policy, the word "employee" includes current or former Fannie Mae regular, term, and temporary employees (including paid interns). Independent contractors and third party contract employees are not covered by the policy.

on this issue as a preliminary matter before conducting a hearing on the substance of the employee's claim.

3.    **<u>Right to Pursue Administrative Complaints.</u>**

The Policy does not change or in any way affect an employee's right to file a charge or complaint with the EEOC or any other administrative or fair employment rights agency. During an employee's participation or involvement in any of Fannie Mae's dispute resolution processes (including arbitration under the Policy), there will be no suspension, extension, or postponement of any applicable time limit or deadline by which the employee is required to file such an administrative charge or complaint. The Policy does not bar or restrict any employee, at any time, from assisting or cooperating with any such agency's investigations or proceedings. However, if an employee has an administrative charge or complaint pending while arbitrating it under the Policy, Fannie Mae will ask the agency to suspend its proceedings while the matter is arbitrated. Regardless of whether the agency agrees to suspend its proceedings, arbitration under the Policy will proceed.

4.    **<u>Election of Arbitration.</u>**

If C&E has not resolved, to the employee's satisfaction, an employee's complaint involving a legally-protected right, the employee may initiate arbitration by sending a completed "Demand for Arbitration" form (which may be obtained from C&E) to J·A·M·S/ENDISPUTE ("J·A·M·S") and a copy to C&E. J·A·M·S is the independent and neutral national arbitration service that will administer all arbitrations under the Policy. If an employee submits a "Demand for Arbitration" form to J·A·M·S before C&E has investigated the claim, C&E may conduct an internal investigation while the arbitration is proceeding, and the employee will have a continuing obligation to cooperate fully and candidly with C&E investigator. At any time before the arbitration hearing is held, the parties may agree to submit the complaint to mediation.

5.    **<u>Rules and Procedures.</u>**

Arbitration will be conducted under the rules and procedures contained in the Policy, supplemented by J·A·M·S's Arbitration Rules and Procedures for Employment Disputes ("J·A·M·S's rules"). In the event of a conflict between J·A·M·S's rules and those contained in the Policy, the Policy will prevail.

6.    **<u>Time Limit on Submission of Claims.</u>**

In order for an employee's claim to be eligible for arbitration, J·A·M·S must receive the employee's completed "Demand for Arbitration" form within the time limit set by law for bringing suit on that claim in court. If the Company contends that the claim was not made within the time limit, the arbitrator may be requested to decide the issue before any hearing on the substance of the claim. If J·A·M·S receives the "Demand for Arbitration" form within the time limit for bringing suit in court, but that time limit runs out during the arbitration, the Company will agree to extend the time limit for up to 60 calendar days after the date of the arbitration decision, so that the employee has an opportunity to bring a timely suit on the claim in court, if he or she rejects the decision as provided in this Policy.

7.    **<u>Arbitrator Selection and Replacement.</u>**

For each arbitration under the Policy, the employee and the Company will mutually select one arbitrator from among the qualified arbitrator candidates identified by J·A·M·S. Each arbitrator candidate will have the following qualifications:

2

- o    attorney or former/retired judge;
- o    minimum of seven years' experience in legal and/or judicial practice; and
- o    substantial employment law experience (as determined by J·A·M·S).

After receiving the employee's completed "Demand for Arbitration" form, J·A·M·S will prepare and submit, to the employee and the Company, a list containing five arbitrator candidates who have the qualifications stated above, together with their resumes or biographical summaries. Within seven calendar days after J·A·M·S sends the list of arbitrator candidates, each party must strike up to two names from it, rank the remaining arbitrator candidates in order of preference, and return the list to J·A·M·S. If there is more than one candidate remaining after the parties' strikes, J·A·M·S will appoint as arbitrator the one with the highest total ranking by the parties. If a highest total ranking cannot be determined, then J·A·M·S will designate the arbitrator from among the candidates who have not been stricken. If a party fails to send the list back to J·A·M·S within the seven calendar days, J·A·M·S will assume that the party has accepted all of the arbitrator candidates on the list. If, for any reason, the arbitrator is unable to fulfill his or her duties, a successor arbitrator will be chosen in this manner.

8.    **Employee Participation.**

Fannie Mae will excuse from their business duties, without loss of pay or benefits, all employees (including the employee who has made the claim) who are needed to provide testimony or attend arbitration proceedings, for such time as they are needed and actively participating.

9.    **Representation.**

The employee may have an attorney or other representative, at his or her sole expense, present during any phase of arbitration. The Legal Department will arrange for the Company's representation in arbitration. However, the Legal Department may advise a manager to secure his or her own representation if it determines that the manager's interests may be in conflict with the Company's.

10.    **Exchange of Information.**

The employee and Fannie Mae each will be entitled to obtain relevant information from the other prior to the arbitration hearing, through informal exchange and:

- o    request(s) that the other party produce a reasonable number of relevant documents;
- o    one request that the other party answer not more than 25 relevant questions, including sub-parts;
- o    two or fewer "fact" witness depositions; and
- o    "expert" witness depositions.

11.    **Fees and Expenses.**

Fannie Mae will pay all arbitration filing, case management, and/or administrative fees charged by J·A·M·S, as well as all hourly or daily fees of the arbitrator. In order to preserve the impartiality of the arbitrator, the Company will make all such payments to J·A·M·S, and J·A·M·S will in turn pay the arbitrator's fees. An employee who chooses to have a lawyer or other representative for the arbitration must pay all of that lawyer's or representative's fees and

expenses. In addition, each party must pay all of its own expenses for acquiring or "discovering" information or testimony (e.g., taking an individual's deposition), and the fees and expenses of its "expert" or outside witness(es).

12.   **The Arbitration Hearing.**

Either party may offer as evidence, and the arbitrator may admit into the record or consider, any agreement the parties have reached for resolving any claim(s) being arbitrated, and any findings and remedial actions resulting from a Company investigation into the same or substantially similar facts underlying the claim(s) being arbitrated.

13.   **The Award.**

The arbitrator's decision ("Award") will consist of a written statement of disposition and relief, if any; and a written statement of reasons supporting the disposition and relief, if any. The Award will be based on the facts and the prevailing judicial interpretation of applicable law. The arbitrator may award any remedy or relief to the employee that is consistent with the arbitrator's authority under the law governing the employee's claim, including attorneys' fees and expenses. The Award is admissible as evidence in any litigation or proceeding on any claim arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration.

14.   **Rejection/Acceptance of the Award.**

The employee may, *within 30 calendar days of the date of issuance of the Award*, reject it, in its entirety, by sending a completed "Rejection of Arbitration Award" form to J·A·M·S and C&E. If the employee rejects the Award, it will not become binding on the employee or the Company, and the employee may bring suit on the claim at his or her own expense. If the employee does not reject the Award during the 30-day period, the Award becomes binding on both the Company and the employee, and the employee may not bring suit against Fannie Mae (or its directors, officers, agents, or employees, in their representative capacities) on any claims arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration. If the employee does not reject the Award, he or she may not receive any award resulting from his or her EEOC or other administrative charge, or from any lawsuit brought by the EEOC or other administrative or fair employment rights agency on any claim arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration. If the employee has filed a charge with the EEOC or any other administrative or fair employment rights agency, Fannie Mae will notify the agency that the claim has been resolved through arbitration. At the expense of the party requesting it, any court having jurisdiction over a binding Award may enter an order giving it the force of law.

15.   **Enforcement of the Award.**

Proceedings to enforce, confirm, modify or vacate an Award will be subject to the standard of review set forth in the Federal Arbitration Act (FAA).

16.   **Interpretation and Governing Law.**

The arbitrator will resolve all disputes over the interpretation and applicability of the Policy, and over the arbitrability of all matters presented under it. This Policy is an agreement to arbitrate pursuant to the FAA. The Policy will, in all respects, be interpreted, enforced, and governed under the FAA.

17.     **Severability/Waiver.**

If any provision of this Policy is held to be legally invalid or unenforceable, it will not affect the remainder of this Policy, which will continue to be in full force and effect. No failure by the Company or the employee to insist on strict compliance with any part of the Policy will be interpreted as a waiver of that part of the Policy.

18.     **Confidentiality and Privacy.**

The entire arbitration proceeding, including all statements, documents, evidence, and the Award, is confidential and will not be disclosed to anyone other than the parties, their representatives, the J·A·M·S Case Administrator, the Legal Department, and C&E, except: (i) to the extent that the parties agree otherwise in writing; (ii) as necessary to respond to a lawful order of a governmental official or agency; (iii) for use in a judicial proceeding to enforce, confirm, modify, or vacate an Award; or (iv) as offered into evidence in any litigation or proceeding on any claim arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration.

19.     **Employment-At-Will; Discontinuation of Policy.**

Nothing in the Policy, or any of the communications or materials describing or implementing it, changes the employment-at-will relationship between Fannie Mae and its employees. The Company may discontinue the Policy at any time by giving employees 30 calendar days' written notice, but the Policy will continue to apply to all claims submitted for arbitration before or during the notice period.

20.     **Complete Agreement.**

This Policy is the sole and complete agreement between Fannie Mae and its employees.